United States District Court
For The
Middle District of Florida
Orlando Division

Daniel Carrol,
    Plaintiff

v.

Federal Bureau of Prisons and
The Medical Department at
Federal Correctional Complex Coleman-Medium,
    Defendants

Civil Action No.

5:19-CV-604-OC-36 PRL

Complaint For Damages
Jury Trial Demand

FILED 2019 NOV 26 AM 9:16 CLERK US DISTRICT COURT MIDDLE DISTRICT OF FL OCALA FLORIDA

COMES NOW the Plaintiff, Daniel Carroll, pro se, with his Complaint for damages in the underlying causes of action and hereby verifies his COMPLAINT FOR DAMAGES under the Federal Tort Claims Act, 28 U.S.C. § 1346 and verifies Causes of action as averred to and verified of the complaint and its appendices as follows:

## PARTIES

Pursuant to the Federal Tort Claims Act outlined in 28 U.S.C. § 1346 the Defendants in this action are deemed as FCC Coleman-Medium Medical Department and the Federal Bureau of Prisons whereas the FCC Coleman-Medium Medical Department staff in their INDIVIDUAL AND OFFICIAL CAPACITIES and the Federal Bureau of Prisons in their OFFICIAL CAPACITY AS THE United States of America will be supplanted as the tortfeasor of the Federal Bureau of Prisons.

Signed on this day _____ of March, 2019.

Respectfully Submitted,

The foregoing COMPLAINT FOR DAMAGES is hereby certified by the Plaintiff, Daniel Carroll, as true and correct to the best of the Plaintiff's knowledge under the penalty of perjury pursuant to 28 U.S.C. §1746.

Signed on this _____ day of _____, 2019.

Daniel Carroll

is in direct violation of Carroll's Eighth Amendment Rights.

## SECOND CAUSE OF ACTION
### (DELIBERATE INDIFFERENCE)

**I.**

The Plaintiff reaffirms, realleges, and incorporates herein by reference each and every allegation contained in Paragraphs I and II of the First Cause of Action.

**II.**

The Plaintiff alleges that the actions of the Medical Staff at FCC Coleman-Medium in ignoring the several requests for Carroll's seizure medication to be refilled knew or should have known that their actions and/or omissions increased Carroll's risk of having a seizure and causing physical harm. FCC Coleman-Medium's Medical Department actions and/or omissions amounts to deliberate indifference to the health and safety of the Plaintiff and is "without penological justification." The Plaintiff has been subjected to and forced to endure the consequences of the actions and/or omissions of the Defendants and as a direct result has been left to lay in urine, sleep on the floor, suffered injuries sustained from having a seizure, the continued exposure to pain, and the non-receipt of medical attention.

### THIRD CAUSE OF ACTION
### (Improper Training and Monitoring of Employees)

**I.**

The Plaintiff reaffirms, realleges, and incorporates herein by reference each and every allegations contained in Paragraphs I and II of the FIRST and SECOND CAUSES OF ACTION.

**II.**

Plaintiff alleges that the Federal Bureau of Prisons is responsible for the actions and/or omissions perpetrated by its employers. Improper training and/or monitoring of its employees is a proximate cause of Plaintiff's injuries. The Federal Bureau of Prison and its employees installed "honor system" allows them to run roughshod over federal inmates without any recourse for inmates such as Carroll. The Medical Department at FCC Coleman-Medium is is a product of the F.B.O.P.'s "honor system" and as a direct result responsible for its employees conduct and/or Misconduct. Moreover, SHU inmates have no special means nor quick access to their respective regional offices nor the Office of the Inspector General in order to alert those offices of the violations of inmate's rights according to F.B.O.P. Policy and program statements or the violations of Constitutional rights perpetrated by F.B.O.P. employees as opposed housed in general population. Therefore, injuries sustained by Carroll are intrinsically intertwined with the actions and/or omissions of the Medical Department at FCC Coleman-Medium and the actions

disregard for the Plaintiff's health and safety, gross negligence, and deliberate indifference which has caused the Plaintiff undue suffering and placed the Plaintiff's health at a substantial risk.

## SPECIAL DAMAGES:

The Plaintiff moves this Honorable Court to award special damages in this matter for compensation for future mechanisms that may not be relevant at this time due to unforseen injuries that will develop over time and not known to the Plaintiff. The Court should exercise its discretion as to the amount of the award when the facts present themselves at the time.

## FOR ATTORNEY FEES AND COSTS OF LITIGATION OF THIS SUIT

The Plaintiff moves this Honorable Court for an award of attorney's fees and costs pursuant to 42 U.S.C. §1988 should he be represented by counsel at any juncture in the proceedings of this case.

And for any other relief that this Honorable Court may deem appropriate.

and/or omissions of the Federal Bureau of Prisons ultimately leading to Carroll's receipt of gross negligence, deliberate indifference, physical pain, and mental anguish.

## PRAY FOR DAMAGES

The Plaintiff reaffirms, realleges, and incorporates herein by reference his Paragraphs I and II of his FIRST, SECOND, and THIRD CAUSES OF ACTION. The Plaintiff charges that he has suffered the damages below as follows:

## COMPENSATORY DAMAGES:

The Plaintiff seeks an award of $75,000.00 as compensatory to his emotional and psychological traumas sustained which are in direct connection to his physical ailments. This includes but is not limited to severe back pain, severe neck pain, which results in the inability to obtain the proper sleep and all in correlation to undue suffering.

## PUNITIVE DAMAGES:

The Plaintiff seeks an award of $6,000,000.00 against the Defendants collectively or separately for their wanton

forms to medical staff, unit team members, and the current Assistant Warden of FCC Coleman-Medium on Daniel Carroll's behalf giving an in depth description of Daniel Carroll's medical situation and the lack of treatment he has received from medical staff.

I hereby certify under the penalty of perjury pursuant to 28 U.S.C. §1746, that the aforementioned statements are true and correct to the best of my knowledge.

Signed on this 25th day of March, 2019.

*Joseph Smith*
Joseph Smith

Conduct perpetrated by the defendants, which was a result in whole or in part of the actions and omissions of employees of the Federal Bureau of Prisons.

Petitioner seeks to have the following video recordings, records, documents, and statements preserved in undamaged and unaltered condition for the duration before and after petitioner's administrative claim is acted upon, since such items are relevant and material evidence as to the violations that began on March 17, 2019.

1. Video footage captured at Federal Correctional Complex Coleman-Medium in the SHU, Range 3 — and specifically at cell 204. The video footage should reflect the time of 3:50 p.m. - 8:00 p.m.

2. Any and all medical records demonstrating petitioner's medical needs and history of seizures and medications prescribed, including the last refill dates and injection dates for any and all medications.

3. Any and all mental health records demonstrating petitioner's mental health needs.

4. All "informal inmate request forms" submitted to the medical and psychology departments.

5. Have statements/depositions given from the following correctional staff members of the above mentioned Federal facility:

with no result. On March 18, 2019 medical staff gave Carroll a brief assessment at approximately 4:00 p.m. and was told he would need an X-ray and was left to lay on the floor of the cell. On March 19, 2019 Carroll received sixty Ibuprofens to aid in the relief of his back and neck pain sustained on March 17, 2019 due to the fall from his seizure. On March 20, 2019 Carroll was asked to "get up" in order to have an X-ray examination of his neck and back. Carroll informed the Medical Staff member, as he had previously informed multiple staff members, correctional and medical, since March 17, 2019, that attempting to stand caused extreme pain and he was unable to withstand the pain that attempting to do so caused. Rather than aiding Carroll in receiving X-rays Medical staff departed only to return minutes later instructing Carroll to receive an injection related to Carroll's mental health issues. Again, Carroll reiterated the fact that he was unable to stand and needed some medical assistance. The Medical staff left without giving any indication as to whether Carroll would receive assistance. Carroll did not receive any assistance whatsoever other than sixty 800mg Ibuprofens and has been left to lay on the floor in a cell in excruciating pain since March 17, 2019 regardless of the numerous attempts he has made to Executive staff members, Correctional officers, and Medical staff.

## First Cause Of Action
### Damages Under The Federal Tort Claims Act

**I.**

Under the FTCA the Plaintiff may bring suit for injuries sustained in custody as a consequence of the negligence of Government Agencies. The tort law of the State of Florida controls in this matter as the tortious actions of the Medical Department at FCC Coleman-Medium and the Federal Bureau of Prisons determines that a duty was breached to the Plaintiff and that the injuries he suffered are the proximate cause of his injuries. Carr further alleges that the FCC-Coleman-Medium Medical Department and the Federal Bureau of prisons failed to protect him against known risks of harm due the gross negligence and deliberate indifference perpetrated by one or more of its employees and hereby places the agencies on notice of his claims under the FTCA in the Middle District of Florida by complaint in this matter.

**II.**

The Plaintiff also alleges that the Medical staff at FCC-Coleman-Medium and the Federal Bureau of Prisons are culpable by way of sufficient gross negligence that amounts to a liability to the health and safety of the Plaintiff. As a result, FCC Coleman-Medium Medical Department and the Federal Bureau of Prisons and their gross negligence placed the Plaintiff at a substantial risk of serious harm which

is in direct violation of Carroll's Eighth Amendment Rights.

## SECOND CAUSE OF ACTION
### (DELIBERATE INDIFFERENCE)

### I.

The Plaintiff reaffirms, realleges, and incorporates herein by reference each and every allegation contained in Paragraphs I and II of the First Cause of Action.

### II.

The Plaintiff alleges that the actions of the Medical Staff at FCC Coleman-Medium in ignoring the several requests for Carroll's seizure medication to be refilled knew or should have known that their actions and/or omissions increased Carroll's risk of having a seizure and causing physical harm. FCC Coleman-Medium's Medical Department actions and/or omissions amounts to deliberate indifference to the health and safety of the Plaintiff and is "without penological justification." The Plaintiff has been subjected to and forced to endure the consequences of the actions and/or omissions of the Defendants and as a direct result has been left to lay in urine, sleep on the floor, suffered injuries sustained from having a seizure, the continued exposure to pain, and the non-receipt of medical attention.

## THIRD CAUSE OF ACTION
### (IMPROPER TRAINING AND MONITORING OF EMPLOYEES)

**I.**

The Plaintiff reaffirms, realleges, and incorporates herein by reference each and every allegations contained in Paragraphs I and II of the FIRST and SECOND CAUSES OF ACTION.

**II.**

Plaintiff alleges that the Federal Bureau of Prisons is responsible for the actions and/or omissions perpetrated by its employees. Improper training and/or Monitoring of its employees is a proximate cause of Plaintiff's injuries. The Federal Bureau of Prisons and its employees installed "honor system" allows them to run roughshod over federal inmates without any recourse for inmates such as Carroll. The Medical Department at FCC Coleman-Medium is is a product of the F.B.O.P.'s "honor system" and as a direct result responsible for its employees conduct and/or misconduct. Moreover, SHU inmates have no special means nor quick access to their respective regional offices nor the Office of the Inspector General in order to alert those offices of the violations of inmate's rights according to F.B.O.P. Policy and Program Statements or the violations of Constitutional Rights perpetrated by F.B.O.P. employees as inmates housed in general population. Therefore, injuries sustained by Carroll are intrinsically intertwined with the actions and/or omissions of the Medical Department at FCC Coleman-Medium and the actions

and/or omissions of the Federal Bureau of Prisons ultimately leading to Carroll's receipt of gross negligence, deliberate indifference, physical pain, and mental anguish.

## PRAY FOR DAMAGES

The Plaintiff reaffirms, realleges, and incorporates herein by reference his Paragraphs I and II of his FIRST, SECOND, and THIRD CAUSES OF ACTION. The Plaintiff charges that he has suffered the damages below as follows:

## COMPENSATORY DAMAGES:

The Plaintiff seeks an award of $75,000.00 as compensatory to his emotional and psychological traumas sustained which are in direct connection to his physical ailments. This includes but is not limited to severe back pain, severe neck pain, which results in the inability to obtain the proper sleep and all in correlation to undue suffering.

## PUNITIVE DAMAGES:

The Plaintiff seeks an award of $6,000,000.00 against the Defendants collectively or separately for their wanton

disregard for the Plaintiff's health and safety, gross negligence, and deliberate indifference which has caused the Plaintiff undue suffering and placed the Plaintiff's health at a substantial risk.

### SPECIAL DAMAGES:

The Plaintiff moves this Honorable Court to award special damages in this matter for compensation for future mechanisms that may not be relevant at this time due to unforeseen injuries that will develop over time and not known to the Plaintiff. The Court should exercise its discretion as to the amount of the award when the facts present themselves at the time.

### FOR ATTORNEY FEES AND COSTS OF LITIGATION OF THIS Su

The Plaintiff moves this Honorable Court for an award of attorney's fees and costs pursuant to 42 U.S.C. §1988 should he be represented by counsel at any juncture in the proceedings of this case.

And for any other relief that this Honorable Court may deem appropriate.

The foregoing COMPLAINT FOR DAMAGES is hereby certified by the Plaintiff, Daniel Carroll, as true and correct to the best of the Plaintiff's knowledge under the penalty of perjury pursuant to 28 U.S.C. §1746.

Signed on this _____ day of _____, 2019.

_____
Daniel Carroll